ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN FASBINDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-2043-JAR |
| | ) |
| GISELLE WILDMAN, CITY OF | ) |
| OVERLAND PARK, KANSAS, DIANE | ) |
| JOHNSON, and TRACY GIBSON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff John Fasbinder brings this action against defendants alleging federal civil rights violations pursuant to 42 U.S.C. § 1983 and state law claims for malicious prosecution, false arrest or false imprisonment, and state constitutional violations. This matter is before the Court on defendants City of Overland Park's ("the City"), Diane Johnson's, and Tracy Gibson's Motion for Judgment on the Pleadings (Doc. 18). The motion is fully briefed and the Court is prepared to rule. As explained more fully below, defendants' motion for judgment on the pleadings is granted in part and denied in part.

## I. Background

The following facts are alleged in plaintiff's Second Amended Petition[1] ("Petition") and the Court draws all reasonable inferences in his favor. On July 25, 2007, defendant Giselle Wildman called the Overland Park Police Department and reported without probable cause that

---

[1](Doc. 1, Ex. A.)

plaintiff had committed domestic battery and criminal damage to property. That same day, Officers Diane Johnson and Tracy Gibson of the Overland Park Police Department arrested plaintiff at his dental office in Prairie Village, Kansas. The officers took plaintiff into custody and transported him to the Johnson County Detention Center, where he remained until he was arraigned on a charge of domestic battery in Johnson County District Court the next day; he posted bond and was released.

On January 8, 2008, Magistrate Judge Phelan ruled that Officers Johnson and Gibson did not have authority to arrest plaintiff at his Prairie Village dental office on July 25, 2007, nor did they have the authority to transport plaintiff to the Johnson County Detention Center. Judge Phelan ruled that the arrest was unlawful and "quashed" plaintiff's arrest. The charges against plaintiff were dismissed on April 18, 2008.

Plaintiff was deprived of his liberty, suffered emotional distress, loss of business, public disgrace, injury to his reputation, shame and embarrassment, and incurred expenses, including legal expenses in defending himself. As a result, plaintiff alleges claims against the City, Officers Johnson and Gibson, and Wildman under 42 U.S.C. § 1983, for violations of due process, and "to the extent implicated," the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges that his arrest and imprisonment was unlawful, claiming negligence, "civil rights violations, including due process, violations of the Kansas State Constitution and state law claims." Plaintiff styled the Petition as follows: "Second Amended Petition for Malicious Prosecution, False Arrest, and False Imprisonment."

## II.     Legal Standards

*Rule 12(b)(1)*

Defendant moves to dismiss in part under Fed. R. Civ. P. 12(b)(1) for lack of subject

matter jurisdiction. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[2] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[3] There is a presumption against federal jurisdiction,[4] and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[5] Mere conclusory allegations of jurisdiction are not enough.[6]

*Rule 12(c)*

Defendants filed their motion as a motion for judgment on the pleadings because it was filed after their Answer.[7] The distinction between a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim is purely formal, because the court must review both motions under the same standard.[8]

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to

---

[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[3] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4] *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[5] *Montoya*, 296 F.3d at 955.

[6] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

[7] *See* Fed. R. Civ. 12(c).

[8] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.") (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

state a claim to relief that is plausible on its face."[9] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[10] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[11] but requires more than "a sheer possibility."[12]

The plausibility standard enunciated in *Bell Atl. Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[13] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[14]

The Supreme Court recently explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[15] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[16]

---

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[10] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[11] *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[12] *Id.*

[13] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[14] *Id.* (citing *Twombly*, 550 U.S. at 556).

[15] *Ashcroft*, – U.S. –, 129 S. Ct. at 1949-50.

[16] *Id.* at 1950.

Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

## III.  Discussion

Defendants Officer Johnson, Officer Gibson, and the City (hereinafter "municipal defendants") move for judgment on the pleadings on the following federal claims asserted against them: all claims against the City, all claims against Officers Johnson and Gibson in their official capacities, and all claims against Officers Johnson and Gibson in their individuals capacities, except for the Fourth Amendment claim. The municipal defendants also seek dismissal of the state law claims. The municipal defendants first claim that plaintiff lacks subject matter jurisdiction over the malicious prosecution claim. They further argue that plaintiff fails to state a claim upon which relief may be granted on any of the state law claims.

### A.  *Federal Claims*

The municipal defendants assert that the official capacity and municipal claims against them should be dismissed. Defendants further argue for dismissal on the individual capacity claims under the Fifth and Fourteenth Amendments. The Court addresses the individual capacity claims first.

#### 1.  **Individual Capacity Claims**

In an action under 42 U.S.C. § 1983, a suit against a government official may be made to

---

[17] *Id.*

[18] *Id.* at 1949.

impose individual liability for actions taken under color of state law.[19] In order to establish individual liability in a § 1983 suit, a plaintiff only need show that the official, "acting under color of state law, caused the deprivation of a federal right."[20] A defendant sued in his individual capacity may be able to assert personal immunity defenses such as qualified immunity.[21]

*Fourth Amendment*

Although the municipal defendants claim in their motion that they do not seek dismissal of plaintiff's individual capacity claims for a Fourth Amendment violation, their brief states otherwise. Plaintiffs identify two aspects of plaintiff's Fourth Amendment claim: (1) a challenge to the municipal defendants' authority to engage in police action outside of Overland Park, Kansas, and (2) a challenge to the municipal defendants' authority to execute an arrest of defendant without a warrant. The municipal defendants argue in their brief that this second aspect of plaintiff's Fourth Amendment claim should be dismissed.

Plaintiff alleges in the Petition that defendant Wildman's complaint to the Overland Park Police Department was "malicious and without reasonable or probable cause." And he alleges that "[t]he arrest and imprisonment of the Plaintiff by Officers Diane Johnson and Tracy Gibson of the Overland Park, Kansas Police Department was unlawful." The municipal defendants argue in their motion that the warrantless arrest of plaintiff does not offend the Fourth Amendment as a matter of law and that plaintiff fails to allege in the Petition that the municipal defendants arrested him without probable cause.

---

[19]*Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[20]*Id.* at 165.

[21]*Id.* Defendants do not assert a qualified immunity defense in their instant motion to dismiss.

"A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."[22] The Petition and attached notice state that the municipal defendants exceeded their authority when they arrested plaintiff and that Judge Phelan ruled on January 8, 2008 that plaintiff's arrest was "unlawful" and "quashed" his arrest. The Court finds that these factual allegations are entitled to a presumption of truth and that they give rise to a plausible inference that plaintiff's arrest violated the Fourth Amendment. The municipal defendants' motion is denied to the extent they seek dismissal of plaintiff's Fourth Amendment claim against them in their individual capacities.

*Due Process*

Plaintiff alleges in the Second Amended Petition that the municipal defendants violated his Fifth and Fourteenth Amendment rights to due process. The factual allegations in support of these claims is the same as his claim under the Fourth Amendment—he alleges unlawful arrest and imprisonment. But the Fifth and Fourteenth Amendments prohibit deprivations of "life, liberty or property without due process of law." The Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'"[23] Because the Fourth Amendment explicitly addresses plaintiff's due process claim regarding the loss of his liberty, emotional distress, loss of business, public disgrace, injury to his reputation, and shame and embarrassment, that Amendment is the proper basis under which to consider his claim.

---

[22]*United States v. Turner*, 553 F.3d 1337, 1344 (10th Cir. 2009) (quotation and citations omitted).

[23]*Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Turner v. Houseman*, 268 F. App'x 785, 787 (10th Cir. 2008).

7

Therefore, plaintiff fails to allege a constitutional claim of a due process violation pursuant to the Fifth and Fourteenth Amendments against the municipal defendants in their individual capacities and these claims must be dismissed.

### 2. Official Capacity Claims

An action against a municipality and an action against a municipal official in his official capacity is one in the same.[24] "A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff."[25] To establish municipal liability, a plaintiff must show "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."[26] "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers."[27] To warrant liability, "a municipal policy must be a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by a municipality's officers.'"[28] Requiring a "'policy ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.'"[29] Even if the conduct of the municipality cannot be characterized as a policy, the municipality can "still be held liable if

---

[24] *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988).

[25] *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

[26] *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

[27] *Hinton*, 997 F.2d at 782 (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

[28] *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (quoting *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989)).

[29] *Strepka .v Sailors*, 494 F. Supp. 2d 1209, 1229 (D. Colo. 2007) (quoting *Bryan County v. Brown*, 520 U.S. 397, 403 (1997)).

the practice is so permanent and well-settled as to constitute a custom or usage with the force of law.'"[30] In addition, a plaintiff must show that the policies or lack thereof were somehow directly connected to the constitutional deprivation.[31]

With regard to plaintiff's due process claims, the Court has already determined that plaintiff is unable to allege a constitutional violation; therefore, plaintiff's due process claims against the City must also be dismissed. The Court also finds that dismissal is appropriate with regard to plaintiff's claims against the municipality under the Fourth Amendment. Plaintiff fails to allege that the City had a policy or custom that was the moving force behind the alleged Fourth Amendment violation. Nor is there any allegation in the Petition that arresting suspects outside of their jurisdiction, without probable cause, is a practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law."[32] Construing all inferences in favor of plaintiff, the Court is unable to locate any factual averments that give rise to plaintiff's official capacity claims. Therefore, the Court grants the municipal defendants motion for judgment on the pleadings with regard to all claims against the municipal defendants in their official capacity, and against the City itself.

### B.     State Claims

Plaintiff references the following state law claims in the Petition: malicious prosecution, false arrest, false imprisonment, negligence, and state constitutional violations. The municipal defendants seek dismissal on the following grounds: (1) the Court lacks subject matter

---

[30]*Strepka*, 494 F. Supp. 2d at 1229 (quoting *Lankford v. City of Hobart*, 73 F.2d 283, 286 (10th Cir. 1996)).

[31]*Weimer v. Schraeder*, 952 F.2d 336, 341 (10th Cir. 1991).

[32]*See Strepka*, 494 F. Supp. 2d at 1229.

9

jurisdiction over the state law claims not included in plaintiff's Notice pursuant to K.S.A. § 12-105(b); and (2) plaintiff fails to state a claim for relief on any of the claims referenced in the Petition.

**1.    Notice**

The Kansas municipal notice statute states that "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice . . . before commencing such action."[33] The tort claims alleged against the municipal defendants here are governed by the Kansas Tort Claims Act ("KTCA"). K.S.A. § 75-6103(a) outlines the liability of municipalities[34] for damages caused by employee acts: "each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state." A private citizen would be liable for the state law claims alleged in plaintiff's Petition for malicious prosecution, false arrest, false imprisonment, and negligence. Because these claims are subject to the KTCA, they are also subject to the municipal notice requirements of K.S.A. § 12-105b.

The purpose of § 12-105b "is to provide the municipality an opportunity to investigate the claim, assess its potential liability, and settle the dispute."[35] The municipal notice statute outlines the requirements for giving a municipality notice of an action, which plaintiff complied

---

[33] K.S.A. § 12-105b.

[34] K.S.A. § 12-105a(a) defines "municipality" to include "city." Therefore, the City of Overland Park, Kansas qualifies as a municipality under the definition.

[35] *Mitchell v. Coffey County Hosp.*, 903 F. Supp. 1415, 1428 (citing *Kan. Mun. Gas Agency v. Vesta Energy Co.*, 840 F. Supp. 814, 824 (D. Kan. 1993)).

with on June 6, 2008,[36] on which date he informed the City of his claim "as a result of a false arrest and incarceration by Overland Park Police Officers."[37]  After a notice is filed with the municipality, the claimant is barred from filing a lawsuit until either (1) the municipality denies the claim, or (2) 120 days pass after filing the notice.[38]  Here, plaintiff waited more than 120 days before filing his action against the municipal defendants on November 24, 2008.[39]  Because plaintiff complied with the notice and filing requirements of K.S.A. § 12-105b regarding his action for false arrest and false imprisonment, this Court has subject-matter jurisdiction over those claims against the municipality.

Compliance with § 12-105b "is mandatory and a condition precedent to bringing a tort claim against a municipality."[40]  It is also a condition precedent to filing a claim against municipal employees "if their actions occurred within the scope of their employment."[41]  Whether the officers' actions occurred within the scope of their employment is generally a question of fact and "involves a consideration of the individual factual setting of each case, including objective as well as subjective consideration."[42]  The Petition alleges that the officers unlawfully arrested and imprisoned plaintiff, after the Overland Park Police Department received the report from Wildman that plaintiff had committed domestic battery.  Accepting the

---

[36](Doc. 3 at 20, 22).

[37](Doc. 3 at 22).

[38] K.S.A. § 12-105b.

[39](Doc. 3 at 9).  It is irrelevant that no evidence was presented regarding a denial from the City because plaintiff complied with the 120 day requirement.

[40]*Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 282 (D. Kan. 1995); *see also Tucking v. Bd. of Comm'rs of Jefferson County*, 796 P.2d 1055, 1058 (Kan. Ct. App. 1990).

[41]*Miller v. Brungardt*, 916 F. Supp. 1096, 1099 (D. Kan. 1996).

[42]*Id.* at 1100.

allegations as true, these defendants were acting within the scope of their employment when the events giving rise to the claims asserted in the Petition occurred—when they arrested plaintiff and transported him to the detention facility. Because notice was sufficiently filed with the City with regard to the false arrest or false imprisonment claim, notice is also satisfied for the officers as municipal employees.[43]

The Court does not have subject-matter jurisdiction over the state law tort claims alleged against the municipal defendants not included in its notice.[44] Therefore, plaintiffs claims against the municipal defendants for malicious prosecution and negligence are dismissed for lack of jurisdiction.[45]

### 2. Failure to State a Claim

The municipal defendants argue that the remaining state law claims should be dismissed for failure to state a claim. First, the municipal defendants urge that there is no private right of action for a violation of the Kansas Constitution.[46] Second, they argue that the false arrest/false imprisonment claim must be dismissed because the Petition fails to allege that the officers acted without probable cause. Finally, the municipal defendants seek dismissal of any claim for

---

[43]*Id.* (construing *King v. Pimentel*, 890 P.2d 1217 (Kan. Ct. App. 1995)).

[44]*See Scheideman*, 895 F. Supp. at 282 ("Defendants have not presented any evidence that plaintiff did not file the required notice under [the municipal notice statute]. *Plaintiff, however, bears the burden of establishing jurisdiction*." (emphasis added)).

[45]To the extent that plaintiff's constitutional claims are construed as tort claims, they are barred for the same reason. To the extent that plaintiff alleges a claim for negligence, the Court further finds that it is "a dubious fit within the operative definition of legal cause," and is subsumed by the intentional tort claim of false arrest or false imprisonment. *See Brown v. Kansas*, 927 P.2d 938, 940 (Kan. 1996); *Soto v. City of Bonner Springs*, 166 P.3d 1056, 1059 (Kan. Ct. App. 2007). The injuries described in his Petition stem from his arrest, not from the negligence of the officers. Plaintiff alleges no facts to support a claim for negligent supervision in the Petition, nor does he make any reference to such a claim. *See Miller v. Dillard's Inc.*, 47 F. Supp. 2d 1294, 1299 (D. Kan. 1999) (distinguishing *Brown* by finding that the plaintiff asserted a claim for negligent supervision).

[46]The Court addresses the state constitutional claims, assuming *arguendo*, that they fall outside the KTCA.

punitive damages. The Court addresses each in turn.

### *Violations of the Kansas Constitution*

Plaintiff asserts in paragraph 25 of the Petition that he suffered damages as a direct and proximate result of "violations of the Kansas State Constitution." Plaintiff does not specify a section of the Kansas Constitution. Section 15 prohibits unreasonable searches and seizures. Section 18 provides: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay." Plaintiff's claims for violations of the Kansas Constitution are not cognizable under § 1983, as this provision only allows for redress of violations of federal law, not state law.[47]

As an initial matter, the Court finds that the Petition woefully fails to meet the pleading standards set forth in *Twombly* and *Iqbal*. Plaintiff makes no attempt in the Petition to set forth the causes of action that are implicated by violations of the Kansas Constitution, or what sections he alleges were violated. As a result, the basic tenets of notice pleading have not been met as neither defendants nor this Court can glean what plaintiff's claim is with regard to the Kansas Constitution from the allegations set forth in the Petition.

A violation of section 15, for intrusion upon seclusion, may constitute an actionable invasion of privacy under Kansas law.[48] Such a cause of action is premised on warrantless entry into a private home or apartment by police officers unless justified by legal privilege.[49] Plaintiff

---

[47]*See, e.g.*, *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 26 (10th Cir. 2006) (citing *Jones v. City & County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988)).

[48]*Monroe v. Darr*, 559 P.2d 322, 327–28 (Kan. 1977).

[49]*Id.*

fails to allege a claim for invasion or breach of privacy in his Petition.[50]

To the extent plaintiff asserts a violation of section 18, there is no private right of action.[51] "[I]t means only that 'for such wrongs that are recognized by the law of the land,' the courts of this state shall be open and afford a remedy."[52] Because no right of action exists for violations of Section 18 of the Kansas Constitution, this claim is dismissed as well.

### *False Arrest and False Imprisonment*

"False arrest" and "false imprisonment" are terms used by Kansas courts "to mean 'any unlawful physical restraint by one of another's liberty, whether in prison or elsewhere.'"[53]

> In an action for false arrest or false imprisonment, all that is necessary is that the individual be restrained of his liberty without any sufficient legal cause therefor, and by words or acts which the one being restrained fears to disregard. It is universally held the action of false imprisonment always includes the element of an assault in the technical sense.[54]

"If a warrant is based on false information, the resulting arrest may be without legal excuse."[55] Malice and willfulness are not essential elements, although they are material if something more than compensatory damages are sought.[56]

The municipal defendants argue that the claims against them for false arrest or false

---

[50] Even if the Petition did state a claim for violation of privacy, the KTCA notice statute would apply, and this Court would lack jurisdiction since it was not included in plaintiff's notice.

[51] *Schmeck v. City of Shawnee*, 647 P.2d 1263, 1266 (Kan. 1982); *see also Prager v. Kan. Dep't of Revenue*, 20 P.3d 39, 66 (Kan. 2001).

[52] *Schmeck*, 647 P.2d at 1266 (quoting *Noel v. Menninger Found.,* 267 P.2d 934, 943 (Kan. 1954)).

[53] *Brown v. Kansas*, 927 P.2d 938, 940 (Kan. 1996).

[54] *Thompson v. Gen. Fin. Co.*, 468 P.2d 269, 280 (Kan. 1970).

[55] *Crutcher v. Coleman*, No. 01-2048-KHV, 2003 WL 21077433, at *5 (D. Kan. May 9, 2003) (citing *Thompson*, 468 P.2d at 280).

[56] *Thompson*, 468 P.2d at 281.

imprisonment must be dismissed because plaintiff fails to allege in the Petition that he was arrested without probable cause. But plaintiff does allege repeatedly that his arrest and imprisonment were "unlawful," a finding he alleges was made by Judge Phelan. The Court finds that this is sufficient to make his claim for false arrest or imprisonment plausible on its face. He alleges that he was restrained and arrested by the officers at his place of work, that he was transported after his arrest to a detention facility where he stayed until his arraignment the following day, and that Judge Phelan ultimately found his arrest to be unlawful and "quashed" it. Assuming these fact to be true, as the Court must, plaintiff has stated a claim for false arrest or imprisonment under Kansas law and the municipal defendants' motion to dismiss this claim is denied.

*Punitive Damages*

The Court finds that the municipal defendants' motion to dismiss any punitive damages claim should be denied as moot. The Petition makes no reference to or claim for punitive damages and the Court declines to issue an advisory opinion on a claim not before it.

**IT IS THEREFORE ORDERED BY THE COURT** that the municipal defendants' Motion for Judgment on the Pleadings (Doc. 18) is **granted in part and denied in part**. The motion is **granted** as to: (1) all federal claims against the City, (2) all federal claims against the officers in their official capacities, (3) the federal claims against the officers in their individual capacities for violation of the Fifth and Fourteenth Amendments; and (4) the state law claims for malicious prosecution, negligence, and violations of the Kansas Constitution. The motion is **denied** as to: (1) the individual capacity claims against the officers for violation of the Fourth Amendment, and (2) the state law claims for false arrest or imprisonment. The motion is denied as moot on the issue of punitive damages.

Dated:  October 26, 2009

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE